IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL CARMIE ANTONELLI
REG. #04053-164                                                                                          PETITIONER

VS.                                        2:05CV00224 JTR

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                        RESPONDENT

## MEMORANDUM ORDER

### I. Introduction

Petitioner, who is currently incarcerated at the Federal Correctional Institute located in Forrest City, Arkansas, has filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Response (docket entry #4), to which Petitioner has filed a Reply (docket entry #5), and the issues are now joined and ready for disposition.

On December 13, 2005, Petitioner also filed a Motion for a Stay of Transfer, arguing that BOP is attempting to transfer him to another district, prior to resolution of his habeas Petition, in violation of BOP policy. (Docket entry #9.) For the reasons set forth herein, the Court will deny the Petition and the Motion to Stay.[1]

### II. Discussion

Petitioner claims he is serving a 72-month sentence, with a projected release date of January 3, 2007. (Docket entry #1, p.1.) According to Petitioner, 18 U.S.C. § 3624(b) allows a prisoner to receive fifty-four days of good-time credit for each year of the sentence imposed, as

---

[1] On October 25, 2005, the parties filed a written consent to proceed before a United States Magistrate Judge. (Docket entry #6.)

opposed to receiving fifty-four days of good-time credit for each year a prisoner has actually served. Under Petitioner's interpretation of 18 U.S.C. § 3624(b), his release date would be November 24, 2006, which is earlier than the January 3, 2007 release date calculated by the BOP. Therefore, Petitioner seeks to have the Court order the BOP to recalculate his good-time credit consistent with his interpretation of the statute.

Federal prisoners have a statutory right to receive credit toward their sentences for good behavior:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). Once credit is awarded under this statute, the time to be served by a prisoner becomes less than the sentence imposed. BOP has interpreted 18 U.S.C. § 3624(b) to award good-conduct time credits based only on the time served, rather than on the sentence imposed. 28 C.F.R. § 523.20(a)(1) (BOP "shall award . . . 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year)"); BOP Program Statement 5880.28, at 1-40 to 1-61 (establishing detailed calculation instructions).

Petitioner's argument, that he should receive credit for each year of the sentence imposed, has been expressly rejected by the Eighth Circuit Court:

> We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference . . . and we conclude that it is a reasonable interpretation of the statute.

*James v. Outlaw*, 126 Fed. Appx. 758, 759 (8th Cir.2005) (unpublished *per curiam*) (internal citations omitted). The Court cited *Outlaw* in making the same holding in *United States v. Wittman*, 139 Fed. Appx. 759, 760 (8th Cir.2005) (unpublished *per curiam*). Furthermore, the Eighth Circuit's decisions are in accord with those from a majority of other circuits that have considered the same issue. *See, e.g., O'Donald v. Johns*, 402 F.3d 172, 173 (3d Cir.2005) (*per curiam*) (18 § 3624(b) ambiguous and BOP calculation method is reasonable; court will not resort to rule of lenity when ambiguity of statute can be otherwise resolved); *Perez-Olivio v. Chavez*, 394 F.3d 45, 51-53 (1st Cir.2005) (same); *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir.2004) (same); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270 (9th Cir.2001) (same).

This Court will follow the Eighth Circuit's unpublished decisions in *Outlaw* and *Wittman* and uphold the BOP's interpretation of 18 U.S.C. § 3624(b). Accordingly, the habeas Petition will be denied. Because the Court disposes of this habeas Petition on the merits, Petitioner's pending Motion for Stay of Transfer is denied as moot.

### III. Conclusion

IT IS THEREFORE ORDERED that:

1.  The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

2.  Petitioner's Motion for Stay of Transfer (docket entry #8) is DENIED, AS MOOT.

Dated this 30th day of December, 2005.

_____
UNITED STATES MAGISTRATE JUDGE